# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JAMES CASH, et al., :
:
      Plaintiffs, :
:
v. : CIVIL ACTION NO.
: 1:08-CV-2858-JOF
GWINNETT SPRINKLER :
COMPANY, INC., et al., :
:
      Defendants. :

## OPINION AND ORDER

The instant matter is before the court on Plaintiffs' Motion for Conditional Certification [14]. Plaintiffs are a group of nine employees who work for Defendant Gwinnett Sprinkler Company, Inc ("GSC"). Plaintiffs allege that GSC has a corporate policy of paying all of its trade workers under the table in cash at their straight time rate for hours worked over forty in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Plaintiffs seek to certify a class of all current and former employees of GSC who worked in various mechanical trades from September 11, 2005, to the present. To date, approximately thirty-five individuals have opted into the proposed class by filing consent to join forms. The parties have not yet engaged in any discovery. In support of their Motion for Conditional Certification, each named Plaintiff submitted an affidavit stating that he or

she (1) worked in excess of forty hours a workweek and was not paid time and a half, (2) was not given a payroll receipt or "check stub" for hours worked over forty, and (3) knows other workers who had a similar experience.

Collective actions under the FLSA allow the judicial system to efficiently resolve the claims of multiple plaintiffs in one proceeding where those claims contain common issues of law and fact arising from the same alleged discriminatory activity. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 180 (1989). The FLSA states in 29 U.S.C. § 216(b):

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). District courts in the Eleventh Circuit employ a two-step process for adjudicating a section 216(b) collective action. *Id*. During the first step, or the "notice stage," the district court uses any pleadings or affidavits submitted by the parties to determine whether to "conditionally" certify a representative class and give the putative class members notice and an opportunity to "opt in." *Id*. The matter proceeds through discovery with a conditional certification. *Id*. At the conclusion of discovery when a matter is ready for trial, the district court uses the factual information gathered during discovery to determine whether the plaintiffs are "similarly

2

situated," as required by section 216(b). *Id.* If the court determines that the plaintiffs are not "similarly situated," it decertifies the class. *Id.* At this point the named plaintiffs may proceed to trial on their individual claims and the additional opt-in plaintiffs are dismissed without prejudice. *Id.*

The instant matter is before the court at the notice stage. The notice stage contemplates two inquiries: (1) Whether there are other employees who wish to opt-in to the action; and (2) whether those employees are "similarly situated" with respect to their job requirements and pay provisions. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiffs' burden in this respect is "a fairly lenient standard" and is less stringent than that for joinder under Rule 20(a), for separate trials under Rule 42(b), or for class action certification under Rule 23(b)(3). *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

Here, Plaintiffs' Motion for Conditional Certification is essentially unopposed. Defendants concede for purposes of conditional certification that Plaintiffs have alleged an improper "common payroll practice" and further concede that this court's conditional certification of the putative class would promote judicial economy. Defendants merely request that they be provided thirty (30) rather than fifteen (15) days to furnish Plaintiffs' counsel with a list containing the names and last known addresses of the individuals, falling within the putative class from September 11, 2005 through the present and that the Plaintiffs

3

AO 72A
(Rev.8/82)

situated," as required by section 216(b). *Id.* If the court determines that the plaintiffs are not "similarly situated," it decertifies the class. *Id.* At this point the named plaintiffs may proceed to trial on their individual claims and the additional opt-in plaintiffs are dismissed without prejudice. *Id.*

The instant matter is before the court at the notice stage. The notice stage contemplates two inquiries: (1) Whether there are other employees who wish to opt-in to the action; and (2) whether those employees are "similarly situated" with respect to their job requirements and pay provisions. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiffs' burden in this respect is "a fairly lenient standard" and is less stringent than that for joinder under Rule 20(a), for separate trials under Rule 42(b), or for class action certification under Rule 23(b)(3). *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

Here, Plaintiffs' Motion for Conditional Certification is essentially unopposed. Defendants concede for purposes of conditional certification that Plaintiffs have alleged an improper "common payroll practice" and further concede that this court's conditional certification of the putative class would promote judicial economy. Defendants merely request that they be provided thirty (30) rather than fifteen (15) days to furnish Plaintiffs' counsel with a list containing the names and last known addresses of the individuals, falling within the putative class from September 11, 2005 through the present and that the Plaintiffs

3

AO 72A
(Rev.8/82)

be given sixty (60) rather than forty-five (45) days from the entry of this order to mail notice to the members of the class.

Having read and considered the parties' arguments, the court GRANTS Plaintiffs' Motion for Conditional Certification and APPROVES Plaintiffs' Proposed Notice of Pendency [14-12]. The court GRANTS Defendants thirty (30) days from the date of this order to provide Plaintiffs' counsel with a list of putative class members in electronic form and GRANTS Plaintiffs sixty (60) days from the date of this order to send the Proposed Notice of Pendency to all putative class members.

**IT IS SO ORDERED** this 12th day of December 2008.

                                                            s/ J. Owen Forrester
                                                            J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)